IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN SANCHEZ LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-cv-851-SPM |
| | ) |
| DAMON ACUFF, in his capacity as Warden, Pulaski County Detention Center, HENRY LUCERO, in his official capacity as Field Office Director, Chicago Field Office, U.S. Immigration & Customs Enforcement, TAE JOHNSON, in his official capacity as Acting Director, U.S. Immigration & Customs Enforcement, and ALEJANDRO MAYORKAS, in his official capacity as Secretary of the U.S. Department of Homeland Security, | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Juan Sanchez Lopez ("Sanchez") is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") and is being detained at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). He filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on July 23, 2021. Sanchez asserts that his three-year detention under 8 U.S.C. § 1226(c) has become unconstitutionally prolonged in violation of his Fifth Amendment due process rights. He seeks immediate release or, in the alternative, an immediate bond hearing where the government bears the burden to justify his ongoing detention with clear and convincing evidence, and where alternatives to detention are considered. (Doc. 1, pp. 2, 20).

Sanchez makes the following allegations in the Petition: He is a 45-year-old Mexican

national who has resided in the United States since approximately 1993, in the Chicago area. (Doc. 1, pp. 5-6). He was convicted in May 2017 in Illinois of residential burglary and sentenced to 4 years incarceration. In July 2018 when he became eligible for mandatory supervised release, he was taken into custody by ICE and has remained in immigration detention since then. Sanchez has been diagnosed with bipolar affective disorder, current episode severe depression with psychotic symptoms. (Doc. 1, p. 3; Doc. 1-1, p. 8). He alleges that his severe mental illness places him at an elevated risk of harm while he remains in detention.

Sanchez was placed in removal proceedings and sought withholding of removal, asylum, and protection under the Convention Against Torture ("CAT"). On September 17, 2018, an Immigration Judge ("IJ") found him "mentally incompetent" and appointed him counsel. (Doc. 1, p. 7). The IJ further found that his residential burglary conviction was a "crime involving moral turpitude," rendering him statutorily ineligible for an immigration bond. *Id.* In May 2019, the IJ reversed her incompetency finding, compelled Sanchez to testify (over counsel's objection), and refused to allow his evaluating psychologist to testify as an expert witness. The IJ then denied Sanchez's applications for asylum, withholding of removal, and CAT protection and ordered him removed to Mexico. (Doc. 1, p. 7).

Sanchez appealed to the Bureau of Immigration Appeals ("BIA"), which in November 2019 remanded his case to the IJ for further proceedings. On May 27, 2020, the IJ granted Sanchez a deferral of removal under the CAT. (Doc. 1, p. 8). However, the Department of Homeland Security ("DHS") appealed that decision to the BIA, where it has remained pending for over a year.

In the event that the BIA denies Sanchez's applications for relief, he intends to seek review from the U.S. Court of Appeals for the Seventh Circuit. (Doc. 1, p. 9). ICE has denied Sanchez's

requests for humanitarian release and for release on bond, thus it appears his detention is likely to continue for many more months. (Doc 1, pp. 8-10).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the Petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action. Without commenting on the merits of Sanchez's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and a response shall be ordered.

Ordinarily, the only proper Respondent in a habeas petition is the petitioner's immediate custodian—in this case, Warden Acuff. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006). Given the relief sought by Sanchez, however, the Court deems it appropriate to retain the additional federal government Respondents as parties to the action, at least at this early stage.

Respondents are **ORDERED** to answer the Petition or otherwise plead on or before **August 16, 2021**.[1] This preliminary Order to respond does not preclude Respondents from raising any objection or defense they may wish to present. As Sanchez is represented by counsel, counsel is responsible for serving Respondents forthwith.

Sanchez is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address

---

[1] The response date ordered here is controlling. Any date the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only.

occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  July 26, 2021**

                                                           *s/ Stephen P. McGlynn*
                                                           **STEPHEN P. McGLYNN**
                                                           **United States District Judge**